PER CURIAM.
We affirm appellant’s convictions for first degree murder, two counts of robbery with a firearm, and armed burglary. Even assuming that the police used an unnecessarily suggestive photo identification procedure, under the totality of the circumstances, the identification was reliable. See Green v. State, 641 So.2d 391 (Fla. 1994). The witness met defendant the day before the shooting. In addition, on the day of the shooting, the witness went shopping and spent the afternoon with defem dant and a co-defendant. Following the shooting, the witness rode with defendant in a car for 30 minutes. On the issue of the denial of defendant’s motion to suppress in-custody statements, this case is controlled by Sapp v. State, 690 So.2d 581 (Fla.), cert. denied, — U.S. -, 118 S.Ct. 116, 139 L.Ed.2d 69 (1997). We find no error in the trial court’s refusal to give a jury instruction on circumstantial evidence and no error in the trial court’s admission of cellular phone records.
AFFIRMED.
GUNTHER, GROSS and HAZOURI, JJ., concur.